UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VLADISLAV BERNSHTEIN,

       Petitioner,

v.                                         Case No. 3:25-cv-1153-JEP-PDB

U.S. ATTORNEY GENERAL, et al.,

       Respondents.

## ORDER

On September 29, 2025, Petitioner Vladislav Bernshtein initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition). The Petition is signed by Petitioner's mother as "power of attorney" for Petitioner and includes an executed "Limited Power of Attorney" reflecting that Petitioner authorized his mother to "sign any and all [of his] Immigration paperwork," including his "Habeas Corpus." *Id.* at 3-4. Respondents filed a Motion to Dismiss, arguing that Petitioner's case is prematurely filed and regardless, fails to warrant relief. *See* Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 8). Petitioner filed a reply on his own behalf. *See* Petitioner's Motion to Grant Petition for Writ of Habeas Corpus (Doc. 9; Reply).

Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires that a habeas corpus petition "be signed under the penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Section 2242 states that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [his] behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence or lack of access to courts, is unable to initiate a habeas action himself. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). However, "'[n]ext friend' standing is by no means granted automatically[.]" *Id.* at 163. The person seeking next friend status must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence, lack of access to the courts, or other disability. *Id.*

Petitioner's mother does not demonstrate that "next friend" status is appropriate. She neither asserts that Petitioner is mentally incompetent nor that he has been denied access to the courts. Therefore, his mother lacks standing to initiate this action on Petitioner's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007)[1] (per curiam)

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a

2

("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)[2] ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Further, generally, a party in federal court must proceed either through a licensed attorney or on his own behalf, *see* 28 U.S.C. § 1654, and a non-attorney may not sign any document on a litigant's behalf, regardless of whether the non-attorney has been appointed power of attorney or signs with the litigant's knowledge and authorization. *See* Fed. R. Civ. P. 11(a). Indeed, "a power of attorney does not authorize a non-attorney to file legal documents on behalf of others." *United States v. Musgrove*, 109 F.3d 766, 766 (5th Cir. 1997) (citation omitted). There is no indication in the record that Petitioner's

---

particular point. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

mother is a licensed attorney; therefore, her signature on the Petition is insufficient.

Nevertheless, because Petitioner recently filed the Reply on his own behalf, he clearly intends on prosecuting this case. Thus, rather than dismiss this case, the Court will afford Petitioner an opportunity to verify the Petition and its attachments or file an amended petition.

Accordingly, it is

**ORDERED**:

1.    The **Clerk of Court** shall send Petitioner a copy of the Petition with attachments (Doc. 1), along with a form for filing a § 2241 case (AO 242).[3]

2.    Petitioner shall review the Petition and attachments thereto for accuracy. If the Petition and attachments are true and correct, Petitioner must sign the Petition under penalty of perjury.[4] He must also sign the Memorandum of Law (Doc. 1-2) and Declaration (Doc. 1-3). By signing the documents, Petitioner certifies, *inter alia*, "that to the best of [his] knowledge, information, and belief," "the claims . . . and other legal contentions are warranted by existing law" and "the factual contentions have evidentiary

---

[3] Petitioner will only use the form if he chooses to file an amended petition.

[4] Petitioner must include his signature after writing the following statement or something similar on the Petition: "I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury."

support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). By **February 17, 2026**, Petitioner must mail the signed Petition and attachments to the Clerk's Office, 300 North Hogan Street, Suite 9-150, Jacksonville, Florida 32202.

3. Alternatively, if Petitioner needs to correct any part of the Petition or attachments thereto, he may file an amended petition on the enclosed form by **February 17, 2026**.

4. **Petitioner's failure to comply with this Order will result in the dismissal of this case without further notice.**

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of January, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

JAX-3 1/12
c:
Vladislav Bernshtein
Counsel of Record

5